**John Eresy PACE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19894.**

United States Court of Appeals
Fifth Circuit.

March 14, 1963.

John Eresy Pace, Atlanta, Ga., for appellant.

H. M. Ray, U. S. Atty., Oxford, Miss., for appellee.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

This is an appeal from a § 2255 [1] hearing at which appellant urged that he had been insane at the time he pleaded guilty to a charge in the District Court. The court below found as a fact that he had not been mentally incompetent at the time of the plea.

Appellant was convicted July 5, 1961 on his plea of guilty of violation of 18 U.S. C. § 752, aiding and assisting an attempted escape of federal prisoners. The record shows that appellant was a prisoner in the Monroe County, Mississippi jail on State charges, and that he assisted prisoners held at the direction of the United States Attorney General in their efforts

---

1. 28 U.S.C.A. § 2255. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence * * * is otherwise sub- ject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * * "

to "dig out" by removing bricks in the wall of the jail.

At the original hearing, after having been informed of his rights, appellant waived indictment by grand jury and entered a plea of guilty to the charge. The District Court found that the plea was freely, voluntarily, knowingly and understandingly made, and committed him to the custody of the Attorney General pending final sentencing after a study, as provided in 18 U.S.C.A. § 4208. Appellant was then sentenced to three years imprisonment.

October 31, 1961, appellant filed a paper, which the court treated as a § 2255 motion to vacate and set aside the sentence. After a finding that the pleadings, files and records of the case showed that appellant was entitled to no relief, the motion was denied.

March 15, 1962, appellant filed his second motion, which the court below allowed to proceed *in forma pauperis*, the denial of which resulted in this appeal. For the first time, he alleged insanity at the time of his plea. He asserted that he remembered nothing about the events of July 15, 1961, and that he had been subject to "blackout" spells.

Upon the Government's motion, the court ordered the Board of Examiners of the penitentiary to examine appellant to determine whether he was then mentally competent and to determine whether there was probable cause to believe that he was mentally incompetent at the time of his arrest and conviction. 18 U.S.C.A. § 4244. The hearing by the court below was delayed pending receipt of the report, and the court appointed for appellant a guardian *ad litem* and counsel to represent the guardian.

Although the report from the Board indicated that appellant was not incompetent and had not been incompetent at the time of the commission of the offense and at the time of the conviction, the court, upon due notice, held a full hearing. At this hearing, at which appellant, his guardian *ad litem* and the attorney were present, the court found as facts that appellant was then mentally competent, that he had been mentally competent at the time of his conviction and also at the time of the commission of the offense charged. These findings were based upon an examination of the files and records of the case, the testimony of a clinical psychiatrist (a member of the Board of Examiners of the penitentiary) and the testimony of the appellant himself. The motion to vacate and set aside the sentence was, therefore, denied, and the court below allowed an appeal to this Court *in forma pauperis*.

It is plain that the court below gave appellant every consideration and was very careful to afford him the benefit of all possible protection. It is hard to conceive how appellant could have been treated more fairly.

Appellant's claim before us that he should have been allowed to call other witnesses on his behalf at the hearing is plainly without merit, no such request therefor having been made by him, his guardian or counsel before or at the time of the hearing.

We find that the judgment of the court below was right and it is

Affirmed.